UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| KARTEAU O. JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV420-125 |
| | ) |
| UNITED STATES, WILLIAM T. | ) |
| MOORE, BRENT MINTON, NOAH | ) |
| ABRAMS, WILLIAM TURNER | ) |
| FRANK PENNINGTON, | ) |
| CHRISTOPHER RAY, and | ) |
| MAGISTRATE JUDGE | ) |
| G. R. SMITH, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se* and *in forma pauperis*, plaintiff Karteau Jenkins, brought this Complaint alleging malicious prosecution, ineffective assistance of counsel, and abuse of judicial authority. *See* doc. 12. The Court granted Plaintiff's Motion for Leave to proceed *in forma pauperis* (IFP), Doc. 25, and he has provided all requested documentation. Doc. 26; doc. 27. It now screens the Complaint pursuant to 28 U.S.C. § 1915A.

## I.  Background

Jenkins' pleadings can charitably be characterized as ramblings, filed with references to rights and doctrines but lacking clues to their relevance in the instant case. The Northern District of Georgia has already required him to amend his Complaint. Doc. 3 at 3. The filed amendment does more clearly explain what causes of action Jenkins alleges, but fails to provide a complete factual basis for those claims. Though plaintiff's Amended Complaint supersedes his original filing, doc. 3 at 3 (advising Jenkins that "the amended complaint shall supersede and replace his previous pleadings filed in this action."), and the Court does not accept his subsequent amendments as having been properly filed, *see infra* § III, Jenkins is entitled to a certain level of deference and leniency at this stage, as his proceeding *pro se*. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)). Accordingly, the Court will consider all of the pleadings in reciting the facts relevant to this case.

Jenkins alleges that on March 22, 2017, he unknowingly became the subject of a criminal investigation. Doc. 22 at 2. The investigation led to

his federal indictment in August 2017 on one count of conspiracy to possess with intent to distribute and to distribute controlled substances and to manufacture crack cocaine, 21 U.S.C. § 846, and one count of possession of 500 grams or more of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.[1]  Doc. 22 at 2; *see also United States v. Allen*, CV417-208 (S.D. Ga. Aug. 2, 2017) (indictment).  He was arrested in December 2017 and held without bond until his trial in August 2019. Doc. 22 at 3.

His arrest was based in part on evidence obtained through a wiretap authorized by a Chatham County Superior Court Judge.  Doc. 12 at 4. Plaintiff contends that the wiretaps were related to an investigation of his co-defendant, Eugene Allen.  *Id*.  He contends that law enforcement used their investigation of Allen to circumvent his rights.  *Id*.  Among the problems alleged by Jenkins in connection with the wiretaps is the recording of his personal conversations that occurred outside of the issuing Judge's jurisdiction, which were collected and admitted at hearing.  *Id*. at

---

[1] Plaintiff alleges that he was also charged with possession of a firearm in furtherance of a drug crime, 18 U.S.C. § 924(c), and felon in possession of a firearm, 18 U.S.C. § 922(g)(1).  Doc. 22 at 2.  Though some of his co-defendants were indicted on these charges, Jenkins was not.  *United States v. Allen*, CV4:17-208 (S.D. Ga. Aug. 2, 2017) (indictment).

5. He further alleges that the various Magistrate and District Judges presiding over his case denied "important parts of discovery," though it is unclear if this refers to the wiretap or something else. *Id*. at 4.

Following plaintiff's arrest, William Turner was appointed as counsel under the Criminal Justice Act. Doc. 12 at 5. Jenkins alleges that Turner did not meet with him to discuss the case and refused to seek the suppression of evidence derived from the contested wiretap. *Id*.; doc. 22 at 4. He contends that Turner should have drawn the Court's attention to a California statute that made the wiretap unlawful. Doc. 22 at 4. Plaintiff filed motions with the Court seeking to have Turner removed as this attorney. Doc. 12 at 5. He also filed grievances with the Georgia state bar. *Id*.

Jenkins also challenges aspects of his trial. Despite his objections to counsel, the presiding judge, the Honorable William. T. Moore, Jr., proceeded with Jenkins' criminal trial in August 2019. Doc. 12 at 5. Jenkins contends that during the trial, Judge Moore prejudiced his rights through comments made during another defendant's sentencing.[2] *Id*. at

---

[2] Jenkins does not elaborate on what comments were made or how they created prejudice in his case.

5–6.  He also alleges that it was improper for him to be tried jointly with co-defendant Eugene Allen. *Id*. at 6.  He was found guilty at trial.  Doc. 22 at 3.

## II. Standard of Review

Under the Prison Litigation Reform Act (PLRA), a federal court is required to conduct an initial screening of all prisoner complaints.  28 U.S.C. § 1915A(b).  In conducting the review, the Court must identify all "cognizable claims" and dismiss the complaint, or any portion thereof, that is "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*.  The complaints of unrepresented parties are held to a less stringent standard than those drafted by an attorney and are afforded a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)); however, they must still comply with procedural requirements, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotation marks and citations omitted). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In its review, the Court also applies the Federal Rule of Civil Procedure 12(b)(6) standard, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001), accepting all allegations as true and construing them in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011).

### III.  Claims

Following the transfer of this case from the Northern District of Georgia, plaintiff has filed two Amended Complaints. Docs. 22 and 23.

Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend his pleadings once as a matter of course prior to service. Fed. R. Civ. P. 15(a)(1). Plaintiff has already made use of this opportunity when he amended his complaint prior to the transfer of this case. Doc. 22.

Typically, the Court is obligated to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice, however, does not demand consideration of these filings. If the Court were to accept the proposed Amendments, they would be subject to dismissal as what is "often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight." *See id.* at 1321 & n.9 (collecting cases). The crux of the Court's admonishment of shotgun pleadings is that they fail to adhere to pleading requirements designed to ensure that a defending party is provided enough clarity to adequately respond. *Cf.* Fed. R. Civ. P. 8–11 (rules for civil pleadings before the Federal Courts). They typically present in four varieties:

> (1) a complaint containing multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a

pleading that does not separate into a different count each cause of action or claim for relief; and (4) a pleading that asserts multiple claims against multiple defendants without specifying which defendant allegedly committed which claim.

*Adams v. Huntsville Hosp.*, 819 Fed. App'x. 836, 838 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321–23).

Each of the proposed Amendments contains a list of previously unnamed defendants, many of which are public officials with no clear connection to plaintiff's criminal prosecution or current incarceration. *See* doc. 22 at 1, 12–13; doc. 23 at 1.  They are also nearly devoid of actual causes of action, instead providing pages of references to the federal and state constitutions, statutes, and legal doctrine without context or relevance to the pending case.  *See* doc. 22 at 5–9; doc. 23 at 2–6.  Any supporting facts that are provided are vague, conclusory, and divorced from any apparent claim.

Unlike his subsequent efforts, plaintiff's first Amended Complaint does identify defendants and sets out specific causes of action with sufficient clarity to allow the defendants to respond and the Court to review the allegations.  Therefore, considering the pleadings in the light most favorable to plaintiff, the Court will consider only plaintiff's first Amended Complaint, doc. 12, and will not consider the later proposed

amendments, for which leave to file was not granted, docs. 23; doc. 23. From the remaining Amended Complaint, the Court discerns three cause of action: (1) abuse of judicial authority; (2) malicious prosecution; and (3) ineffective assistance of counsel, which will be individually discussed as follows.

    a.    *Abuse of Judicial Authority*

These claims are dead on arrival. Judges "are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity." *Williams v. Alabama*, 425 F. App'x 824, 826 (11th Cir. 2011) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)). That absolute judicial immunity "applies even when [a] judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. Plaintiff's claims of abuse of judicial authority should be **DISMISSED**.

    b.    *Malicious Prosecution*

Like judges, defendants Abrams and Pennington are immune from § 1983 claims for actions taken in their role as prosecutors. *Hart v. Hodges*, 587 F.3d 1288, 1294 (11th Cir. 2009) ("The Supreme Court has explained that the common law gives absolute immunity in § 1983 actions

for activities that are "'intimately associated with the judicial phase of the criminal process.'" (internal quotations omitted)); *see also Imbler v. Pachtman*, 424 U.S. 409, 409 (1976) ("[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983."); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent). This includes claims of malicious prosecution. *Hart*, 587 F.3d at 1295 (citing *Malley v. Briggs*, 475 U.S. 335, 342–43 (1986)).

Immunity is not the only fatal flaw to Jenkins' malicious prosecution claim. "The constituent elements of the common law tort of malicious prosecution included: (1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused." *Wood v. Kessler*, 323 F.3d 872, 881–82 (11th Cir. 2003). As plaintiff was convicted on the indicted charges, Jenkins cannot prove termination in his favor. Therefore, the malicious prosecution claims should be **DISMISSED**.

    c.    *Ineffective Assistance of Counsel*

Plaintiff's allegations against his court appointed counsel cannot proceed under 42 U.S.C. § 1983. Section 1983 provides a mechanism for bringing suit against an individual that deprived the plaintiff of a right while acting under the color of state law. 42 U.S.C. § 1983. Even where appointed by the Court, public defenders and appointed defense counsel are not operating as state actors. *See Holt v. Crist*, 233 F. App'x 900, 902-03 (11th Cir. 2007) (defense attorneys, even appointed public defenders, cannot be held liable under § 1983 because they do "not act under color of state law when performing a lawyer's traditional functions as counsel") (quoting *Polk Cty. v. Dotson*, 454 U.S. 312, 325 (1981)). Accordingly, plaintiff's claims of ineffective assistance of counsel should be **DISMISSED**.

    d.    *Claims Against the United States*

Plaintiff has named the United States as a defendant in this case. It is not clear from the complaint what allegations are made against the United States as an entity. Ultimately, it matters little because the United States is immune from lawsuits to which it does not consent. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the

United States may not be sued without its consent and the existence of consent is a prerequisite to jurisdiction."). As such, any remaining claims against the United States should be **DISMISSED**.

## IV.  Conclusion

Accordingly, the Court **RECOMMENDS** that this complaint be **DISMISSED**. Meanwhile, it is time for plaintiff to pay his filing fee. His PLRA paperwork reflects $100 in average monthly deposits and a $100 average reserved monthly balance over the six-month period prior to the date of his Prison Account Statement. Doc. 27. He, therefore, owes a $20 initial partial filing fee at this time. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) remit the $20 and shall further set aside 20 percent of all future deposits to his account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full. In the event that plaintiff is transferred to another facility, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to his new custodian. The balance due from plaintiff shall be collected by the

custodian at all future facilities in accordance with the terms of this Order.  A copy of this Order and of the Consent to Collection of Fees form Trust Account shall be served upon plaintiff and his current custodian.  The payment portion of this Order is to be implemented immediately, as it is not subject to the adoption provision of Fed. R. Civ. P. 72(b).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 16th day of March, 2021.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA